


**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

January 26, 2024

<u>VIA ECF</u>
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

  Re: <u>*SEC v. Jeremy Koski*, 23-cv-07779-MKV (S.D.N.Y.)</u>

Dear Judge Vyskocil:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter pursuant to the Court's Notice of Initial Pretrial Conference ("Notice") in advance of the February 2, 2024 Initial Pretrial Conference. Despite repeated efforts, described below, SEC counsel was unable to obtain input from defendant Jeremy Koski ("Koski"), who is proceeding *pro se*, necessary to make this letter a joint submission.

### *SEC Counsel's Recent Communications With Koski*

  SEC counsel has communicated with Koski multiple times since the Court entered the Notice on January 2, 2024, both by email and telephone. However, when we sought Koski's input concerning drafts of the Case Management Plan and joint letter to be filed in accordance with the Notice, he did not respond. We sent Koski the Notice by e-mail on the day it was entered. The following week, on January 9, we held a Rule 26(f) conference with Koski by telephone. The next day, we e-mailed Koski a draft proposed Case Management Plan and asked for his input. He did not respond. On January 19, we e-mailed Koski again to ask for his input on the draft Case Management Plan and we also provided him with a proposed draft joint letter for his review and input. He did not respond. This week, we reached out to Koski multiple times, both by e-mail and phone, but were unsuccessful in speaking with him or obtaining his input. Accordingly, we submit this letter on behalf of the SEC only. Where possible, we have included our understanding of Koski's position. Similarly, the Case Management Plan filed herewith is based on our discussions with Koski during the Rule 26(f) conference, but Koski did not respond to our multiple requests for his input on that document.

### *The SEC's Allegations and Koski's Defenses*

  The SEC alleges that Koski engaged in an unlawful scheme to artificially inflate the price of a structured equity security, CorTS Trust for J.C. Penney Debentures Corporate-Backed Trust Securities Certificates of Structured Products Corp. ("COTRP"), by creating and disseminating fake press releases and fake redemption notices concerning COTRP. COTRP shares are issued

by a trust that holds $100 million in 7.625% J.C. Penney Company, Inc. debentures due in 2097. The holder of each COTRP share is entitled to a *pro rata* portion of the interest and principal paid by J.C. Penney on the debentures.

The SEC alleges that, in September 2020, Koski purchased nearly 290,000 COTRP shares, at a total cost of more than $300,000. The SEC further alleges that by April 2021, Koski had suffered significant unrealized losses on that investment and orchestrated a scheme to artificially inflate the value of his COTRP shares. In particular, the SEC alleges that, in May 2021, Koski created fake redemption notices suggesting that COTRP shares would be redeemed for their full value in June 2021, more than seventy years before maturity, and that Koski disseminated these fake redemption notices on multiple internet message boards. The SEC also alleges that, between September and November 2021, Koski created false press releases that said COTRP was launching a cryptocurrency in collaboration with a well-known hedge fund, and that Koski disseminated these press releases via a newswire service.

The SEC alleges that Koski knew the redemption notices and press releases were false, and that Koski took steps to conceal that he was issuing the statements, including by using VPNs and aliases, and by registering and using an e-mail domain name that appeared to be, but was not, associated with the trust that issued COTRP shares. The SEC also alleges that Koski admitted to his scheme in sworn testimony during the SEC's pre-complaint investigation. The SEC alleges that Koski's conduct violates Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Exchange Act of 1934 ("Exchange Act"), and Rule 10-b5 thereunder.

Koski has filed an Answer denying the SEC's allegations. (ECF Dkt. No. 11.) In a letter accompanying his Answer, Koski stated that he suffers from mental health issues that "significantly impair my ability to form intent or act with scienter." (*Id.* at 4.)

### *Subject Matter Jurisdiction and Venue*

The Court has jurisdiction over this action under Sections 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(d), 77v(a)], and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

The SEC alleges that venue is appropriate in this District because Koski disseminated his false statements into this District in the form of false notices and press releases, and a victim of Koski's fraud is located and suffered losses in this District.

### *Procedural Posture*

<u>Motions.</u>  No motions have been filed. Currently, the SEC does not plan to file any motion prior to summary judgment. During the parties' Rule 26(f) conference, Koski indicated that he intended to file a motion requesting that the Court appoint counsel to represent him and he suggested, without detail, that such a request may be supported by the Americans with Disabilities Act of 1990.

Hon. Mary Kay Vyskocil
January 26, 2024

Page 2

<u>Discovery.</u>  On January 10, the parties participated in a Rule 26(f) conference.  The parties have not propounded or engaged in any discovery.  Currently, we plan to obtain document and deposition discovery from Koski and certain third parties concerning COTRP and Koski's communications regarding COTRP, the fake redemption notices and fake press releases (including, but not limited to, the processes by which they were disseminated), and Koski's financial condition.  Additionally, because Koski has raised, as a potential defense, that his mental health problems may prevent him from forming the necessary state of mind to have engaged in securities fraud, the SEC may seek discovery regarding Koski's mental health.

SEC counsel is not aware of what, if any, discovery Koski will seek.  If requested, we will produce to Koski all non-privileged documents that we obtained from third parties in the SEC investigation that preceded this action.

<u>Settlement.</u>  The parties have briefly discussed settlement and have agreed to renew those discussions after Koski attempts to obtain counsel.  During the Rule 26(f) conference, the parties agreed that each would be open to use of the Court's mediation program.

    Respectfully submitted,

    /s/  Christopher M. Colorado
    Christopher M. Colorado
    Mariel Bronen

    *Attorneys for Plaintiff*

cc:  Jeremy Koski (via e-mail)