

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

February 20, 2024

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

    Re:    *SEC v. Jeremy Koski*, 23-cv-07779-MKV

Dear Judge Vyskocil:

    Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this letter pursuant to the Court's Order dated February 5, 2024, to address "whether the Court should transfer this case under the doctrine of *forum non conveniens* and pursuant to 28 U.S.C. § 1404(a)." (ECF Dkt. No. 19 (the "February 5 Order").)  Although venue is appropriate in this District and many factors considered under the doctrine of *forum non conveniens* support this case being litigated here, the Commission consents to a transfer to the District of Hawaii.  Defendant Jeremy Koski ("Koski") has informed Commission counsel that he also consents to such a transfer.  Accordingly, the Commission has filed herewith a Proposed Order transferring this case to that District.

    As the Court noted in the February 5 Order, venue is appropriate in this District.  (*Id.* ¶ 2.)  Among other things, the Complaint alleges that Koski engaged in conduct directed to and within this District that forms the basis for the Commission's claims, including his dissemination of false and misleading redemption notices and press releases into, and his causing an investor to suffer losses in, this District.  (*See* Complaint ("Compl.") ¶ 9 (ECF Dkt. No. 1).)  These alleged facts are more than sufficient to establish venue.  *See, e.g.*, *SEC v. Contrarian Press, Inc.*, No. 16-cv-6964 (VSB), 2017 WL 4351525 (S.D.N.Y. Sept. 29, 2017) (holding that dissemination of false and misleading promotional statements into judicial district was sufficient to confer venue).

    During the February 2, 2024, initial pretrial conference, the Court raised *sua sponte* whether the doctrine of *forum non conveniens* supported transferring this case to another District.  When considering whether an action is properly transferred under this doctrine, courts consider:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Chanel, Inc. v. Shiver and Duke LLC*, No. 21-cv-01277 (MKV), 2022 WL 3868113, at *4 (S.D.N.Y. Aug. 30, 2022) (quoting *DH Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)). No "rigid formula" exists for weighing these factors and "no single one of them is determinative." *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

    While many of the factors support proceeding in this District, as discussed below, the Commission consents to this matter being transferred to the District of Hawaii. First, the Commission chose to file its Complaint in this forum and that choice is generally accorded deference. *See SEC v. Thrasher*, No. 92-cv-6987 (JFK), 1993 WL 37044, at *3 (S.D.N.Y. Feb. 8, 1993) (denying motion to transfer and noting that "plaintiff's choice of forum is a particularly strong factor in a securities case, as the venue provision of the '34 Act is intended to give the plaintiff the widest choice of forum possible"). In addition, proceeding in this forum would be most convenient for the Commission's counsel and other staff, including persons who participated in the Commission's investigation that preceded this action, who are located in New York. *See SEC v. Committee on Ways and Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 227 (S.D.N.Y. 2015) (denying motion to transfer because, among other things, proceeding with litigation near the site of the Commission's investigation is more convenient for Commission counsel). Likewise, this forum would be more convenient for witnesses than other potential fora might be, including the District of Hawaii, as the Commission currently understands that those witnesses—including persons representing the entities whose platforms the Commission alleges Koski used to conduct his fraud, such as Stocktwits, InvestorsHub.com, Issuewire.com, and domain provider GoDaddy.com (Compl. ¶¶ 19, 27, 32, 35), as well as investors harmed by Koski's fraud—are located in the mainland United States, and primarily on the east coast. *See, e.g.*, *Tax Gas Res. Corp. v. Gen. Elec. Co.*, No. 84-cv-6800 (JFK), 1985 WL 457, at *1 (S.D.N.Y. Mar. 27, 1985) (denying motion to transfer where, among other things, New York was more accessible for witnesses located in Atlanta than was the district proposed by defendant).

    The location of relevant documents and relative ease of proof is a neutral fact, as the proof here is likely to be easily portable. *See Committee on Ways and Means*, 161 F. Supp. 3d at 227-28.

    As to the "locus of operative facts," the Commission recognizes that certain events underlying its claims may have occurred in Hawaii, but that alone does not necessarily weigh heavily in favor of proceeding there. The Commission alleges that Koski used a virtual private network, or VPN, to obscure the location from which he posted his false and misleading statements. (Compl. ¶ 20.) That said, Koski currently resides in Hawaii (*id.* ¶ 10) and may have acted from there. The Commission notes, however, that the location of many other important facts—including that Koski's false and misleading statements were disseminated nationwide via multiple websites, that his false and misleading statements concerned entities in New York and Minnesota,[1] and that harmed investors are located in multiple states in the mainland United

---

[1] The security that was the subject of Koski's alleged unlawful manipulation and false and misleading statements, COTRP, was issued by an entity headquartered in New York, *see* Compl. ¶ 9, and U.S. Bank Trust National Association, the trustee responsible for periodic payments to holders of COTRP and about which Koski made false statements, is located in Minnesota.

States—suggests that the operative facts are not so concentrated in Hawaii that they require proceeding there. *See, e.g.*, *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 650 (S.D.N.Y. 2008) (denying motion to transfer despite that locus of operative facts concerning infringement claims was in Wisconsin where the allegedly infringing products were marketed and sold nationwide via the internet).

      Notwithstanding the above, Commission counsel has considered other potential fora in which this action might proceed and has discussed the issue with Koski.  In light of potential conveniences to Koski and judicial efficiencies associated with proceeding in the District of Hawaii, the Commission consents to a transfer of this action to that District.[2]  Koski has informed Commission counsel that he consents to such a transfer and to proceeding there.  Accordingly, the Commission has filed herewith a Proposed Order transferring this case to the District of Hawaii.

      Respectfully submitted,

/s/  Christopher M. Colorado
Christopher M. Colorado
Mariel Bronen

*Attorneys for Plaintiff*

cc:  Jeremy Koski (via ECF and e-mail)

---

[2] Commission counsel also identified the Northern District of California as an appropriate alternative venue for this action, and asked defendant Koski to consent to proceeding there, but he refused.