UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SECURITIES AND EXCHANGE COMMISSION**

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

**JEREMY KOSKI**

(List the full name(s) of the defendant(s)/respondent(s).)

1:23 CV 07779 (MKV) ( ___ )

Application for the Court to
Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☑ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

**SEE EXHIBIT MARKED "A"**

Rev. 3/27/14

FEB 27 2024

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

I have attempted to call many SDNY/NDNY attorneys; However, due to the time difference, I must awake around 2-3AM where I either must wait for a call back or am not able to financially meet their conditions and/or retainer fees due to my income levels. I have tried many times and generally do not receive a call back, or am asked why I am calling New York if I am in Hawaii. It also causes sleep schedule disturbances and an inability to do anything else because of the 5/6 hour difference.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: _____.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| 2/19/2024 | *[signature]* |
| Date | Signature |
| KOSKI, JEREMY S | |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| PO BOX 1424 | KAPAAU           HI        96755 |
| Address | City                    State        Zip Code |
| 808-203-0682 | tangled61@protonmail.com |
| Telephone Number | E-mail Address (if available) |

2

**EXHIBIT "A"**

I am indigent and do not have the means to afford an attorney on my own. Furthermore, I suffer from severe mental health conditions, which impair my ability to competently represent myself pro se against the SEC's allegations. My mental health limitations coupled with the complexities of securities litigation will seriously jeopardize my capacity to mount an adequate legal defense without assistance.

Further, The Americans with Disabilities Act (ADA) [42 U.S.C. § 12101 et seq.], Section 504 of the Rehabilitation Act [29 U.S.C. § 794], and the Due Process Clause [Goldberg v. Kelly, 397 U.S. 254 (1970)] underscore the imperative to provide assistance ensuring meaningful legal access for disabled or indigent individuals.

Under Social Security Act [42 U.S.C §406], appointment of pro bono counsel is necessary here to reasonably accommodate my disabilities given my mental health issues and financial constraints. Without such accommodation by the Court, I will effectively be denied full access to justice and ability to fairly contest the SEC's allegations. I respectfully ask the Court to exercise its discretion and appoint pro bono counsel to ensure my adequate legal representation.

**MONTHLY EXPENSES JANUARY 2024**

Total Income: $2,882
Mortgage/Rent: $750
Food: $300
Telephone/Cell Phone/Cable/Internet/Other: $400
Medical Expenses Not Covered by Insurance: $200
Clothes, Personal Hygiene, etc.: $100
Childcare / Child Support: $500
Credit Card Payment: $350
Total Expenses: $2,900

# Ⓢ *my* Social Security

Jeremy Koski                                                                                                Sign Out

## Welcome, Jeremy!

You last signed in on **December 28, 2023 at 11:20 PM ET**.

⬇ **Your Social Security Statement**
You can download your statement as a PDF or an XML file.

⬇ **Your Benefit Verification Letter**
This is your proof of income letter.

▭ **Replace Your Social Security Card**

⬇ **Replace Your Tax Form SSA-1099/SSA-1042S**

✎ **Wage Reporting**
Submit Your Paystub Information

## 📂 Benefits and Payments

### Benefit Summary

# $2,882 total monthly benefit before deductions

↻ View your payment history and overpayment details

Need to update your **contact** or **direct deposit** information? Go to 👤 My Prof    ▲ Get Help

## Social Security (Disability)                                    Active

# $2,882 next payment before deductions

Next Payment Date: **February 2, 2024**
Payments are made on the **3rd** of every month
Payments are made by **Direct Deposit**

**Last payment: January 3, 2024**

| | |
|---|---:|
| Monthly Benefit Amount: | $2,882.00 |
| Other Deductions: | -$500.00 |
| **Last Payment Total:** | **$2,382.00** |

## Medicare Enrollment Details

Status: **Enrolled**

**Part A (Hospital Insurance)**
Your coverage started **March 2020**. Your monthly premium is **$0.00** (as of March 2020).

**Part B (Medical Insurance)**
Your coverage started **March 2022**. Your monthly premium is **$0.00** (as of March 2022).

For **Part C (Medicare Advantage)** and **Part D (Medicare Prescription Drug Coverage)** details, please contact Medicare for the status of your enrollment.

Replace your Medicare Card

> **ⓘ Medicare Questions?**
> This information should not be used as proof of coverage. It is provided by the Center for Medicare Services and **may not reflect recent updates**. Please call **1-800-633-4227** or visit ⧉ Medicare.gov for assistance. If you are deaf or hard of hearing, you may call the TTY number, at **1-877-486-2048**.

## Advance Designation of Representative Payee

You have the option to designate someone you trust to receive and manage your benefit payments in the event you become unable to do so yourself.

Access Advance Designation of Representative Payee

# ⓢ Earnings

Review your full earnings record now

February 19, 2024

Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**Re: Securities and Exchange Commission v. Koski, 23-cv-07779-MKV - Motion to Transfer for Forum Non Conveniens pursuant to 28 U.S.C. § 1404(a)**

Your Honor,

I, Jeremy Koski, respectfully request that this Court consider transferring the venue of SEC v. Koski to the District of Hawaii pursuant to 28 U.S.C. § 1404(a). This request is grounded in considerations for convenience of parties and witnesses, interest of justice, my current health condition, financial situation, and logistical challenges significantly impacting my ability to participate in proceedings in New York.

28 U.S.C. § 1404(a), permits a transfer for the convenience of the parties and witness, and in the interest of justice, to "any civil action to any other district or division where [the civil action] might have been brought or to any district or division to which all parties have consented."

In the Second Circuit, courts consider several factors on a motion to transfer venue, including: "(1) the plaintiff's choice of forum, (2) the convenience to witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of parties to the suit, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, (9) trial efficiency, and (10) the interest of justice, based on the totality of the circumstances."
*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC, 620 B.R. 456, 467 (S.D.N.Y. 2020).*

There is "no rigid formula for balancing these factors and no single one of them is determinative."
*Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).*

Instead, in light of a district court's "broad discretion" in deciding whether to transfer venue, it "must make [its] determination upon notions of convenience and fairness on a case-by-case basis."
*Citicorp Leasing, Inc. v. United Am. Funding, Inc., 2004 WL 102761, at *2 (S.D.N.Y. Jan. 21, 2004).*

Notably, in considering these factors, the court may consider factual material outside the pleadings.
*Mohsen v. Morgan Stanley & Co., 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013);*
*Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC, 2018 WL 357304, at *4 (S.D.N.Y. Jan. 9, 2018).*

Transferring venue to the District of Hawaii would serve the interests of justice, and would result in a fairer resolution for the following reasons:

**I. Litigating the Case in New York Presents an Extraordinary Inconvenience for the Defendant**

The necessity to litigate this case in New York presents an extraordinary inconvenience primarily due to severe physical disabilities including but not limited to thoracic spinal fractures and related spinal issues, neuropathy, kyphosis, nerve disease/inflammation [mononeuritus multiplex] to name a few. These conditions severely impair my mobility and ability to travel long distances without significant pain and discomfort.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

JEREMY KOSKI

(List the full name(s) of the defendant(s)/respondent(s).)

1:23 CV 07779 (MKV)

Application for the Court to
Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☑ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

SEE EXHIBIT MARKED "A"

FEB 27 2024

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

I have attempted to call many SDNY/NDNY attorneys. However, due to the time difference, I must awake around 2-3AM where I either must wait for a call back or am not able to financially meet their conditions and/or retainer fees due to my income levels. I have tried many times and generally do not receive a call back, or am asked why I am calling New York if I am in Hawaii. It also causes sleep schedule disturbances and an inability to do anything else because of the 5/6 hour difference.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: _____

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| 2/19/2024 | *[signature: Jeremy Koski]* |
| Date | Signature |

| | | | |
|---|---|---|---|
| KOSKI, JEREMY S | | | |
| Name (Last, First, MI) | | | Prison Identification # (if incarcerated) |
| PO BOX 1424 | KAPAAU | HI | 96755 |
| Address | City | State | Zip Code |
| 808-203-0682 | | tangled61@protonmail.com | |
| Telephone Number | | E-mail Address (if available) | |

2

# EXHIBIT "A"

I am indigent and do not have the means to afford an attorney on my own. Furthermore, I suffer from severe mental health conditions, which impair my ability to competently represent myself pro se against the SEC's allegations. My mental health limitations coupled with the complexities of securities litigation will seriously jeopardize my capacity to mount an adequate legal defense without assistance.

Further, The Americans with Disabilities Act (ADA) [42 U.S.C. § 12101 et seq.], Section 504 of the Rehabilitation Act [29 U.S.C. § 794], and the Due Process Clause [Goldberg v. Kelly, 397 U.S. 254 (1970)] underscore the imperative to provide assistance ensuring meaningful legal access for disabled or indigent individuals.

Under Social Security Act [42 U.S.C §406], appointment of pro bono counsel is necessary here to reasonably accommodate my disabilities given my mental health issues and financial constraints. Without such accommodation by the Court, I will effectively be denied full access to justice and ability to fairly contest the SEC's allegations. I respectfully ask the Court to exercise its discretion and appoint pro bono counsel to ensure my adequate legal representation.

## MONTHLY EXPENSES JANUARY 2024

Total Income: $2,882
Mortgage/Rent: $750
Food: $300
Telephone/Cell Phone/Cable/Internet/Other: $400
Medical Expenses Not Covered by Insurance: $200
Clothes, Personal Hygiene, etc.: $100
Childcare / Child Support: $500
Credit Card Payment: $350
Total Expenses: $2,900

# my Social Security

Jeremy Koski

Sign Out

## Welcome, Jeremy!

You last signed in on **December 28, 2023 at 11:20 PM ET**.

- **Your Social Security Statement**
  You can download your statement as a PDF or an XML file.

- **Your Benefit Verification Letter**
  This is your proof of income letter.

- Replace Your Social Security Card

- Replace Your Tax Form SSA-1099/SSA-1042S

- **Wage Reporting**
  Submit Your Paystub Information

## Benefits and Payments

### Benefit Summary

**$2,882** total monthly benefit before deductions

View your payment history and overpayment details

Need to update your **contact** or **direct deposit** information? Go to **My Profile**

Get Help

# Social Security (Disability) Active

## $2,882 next payment before deductions

Next Payment Date: **February 2, 2024**
Payments are made on the **3rd** of every month
Payments are made by **Direct Deposit**

**Last payment: January 3, 2024**
Monthly Benefit Amount: $2,882.00
Other Deductions: -$500.00
**Last Payment Total:** **$2,382.00**

## Medicare Enrollment Details

Status: **Enrolled**

**Part A (Hospital Insurance)**
Your coverage started **March 2020**. Your monthly premium is **$0.00** (as of March 2020).

**Part B (Medical Insurance)**
Your coverage started **March 2022**. Your monthly premium is **$0.00** (as of March 2022).

For **Part C (Medicare Advantage)** and **Part D (Medicare Prescription Drug Coverage)** details, please contact Medicare for the status of your enrollment.

Replace your Medicare Card

### ⓘ Medicare Questions?
This information should not be used as proof of coverage. It is provided by the Center for Medicare Services and **may not reflect recent updates**. Please call **1-800-633-4227** or visit ⧉ Medicare.gov for assistance. If you are deaf or hard of hearing, you may call the TTY number, at **1-877-486-2048**.

## Advance Designation of Representative Payee

You have the option to designate someone you trust to receive and manage your benefit payments in the event you become unable to do so yourself.

Access Advance Designation of Representative Payee

## 💲 Earnings

Review your full earnings record now

February 19, 2024

Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: Securities and Exchange Commission v. Koski, 23-cv-07779-MKV - Motion to Transfer for Forum Non Conveniens pursuant to 28 U.S.C. § 1404(a)

Your Honor,

I, Jeremy Koski, respectfully request that this Court consider transferring the venue of SEC v. Koski to the District of Hawaii pursuant to 28 U.S.C. § 1404(a). This request is grounded in considerations for convenience of parties and witnesses, interest of justice, my current health condition, financial situation, and logistical challenges significantly impacting my ability to participate in proceedings in New York.

28 U.S.C. § 1404(a), permits a transfer for the convenience of the parties and witness, and in the interest of justice, to "any civil action to any other district or division where [the civil action] might have been brought or to any district or division to which all parties have consented."

In the Second Circuit, courts consider several factors on a motion to transfer venue, including: "(1) the plaintiff's choice of forum, (2) the convenience to witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of parties to the suit, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, (9) trial efficiency, and (10) the interest of justice, based on the totality of the circumstances." *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 620 B.R. 456, 467 (S.D.N.Y. 2020).

There is "no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

Instead, in light of a district court's "broad discretion" in deciding whether to transfer venue, it "must make [its] determination upon notions of convenience and fairness on a case-by-case basis." *Citicorp Leasing, Inc. v. United Am. Funding, Inc.*, 2004 WL 102761, at *2 (S.D.N.Y. Jan. 21, 2004).

Notably, in considering these factors, the court may consider factual material outside the pleadings. *Mohsen v. Morgan Stanley & Co.*, 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013); *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, 2018 WL 357304, at *4 (S.D.N.Y. Jan. 9, 2018).

Transferring venue to the District of Hawaii would serve the interests of justice, and would result in a fairer resolution for the following reasons:

I. **Litigating the Case in New York Presents an Extraordinary Inconvenience for the Defendant**

The necessity to litigate this case in New York presents an extraordinary inconvenience primarily due to severe physical disabilities including but not limited to thoracic spinal fractures and related spinal issues, neuropathy, kyphosis, nerve disease/inflammation [mononeuritis multiplex] to name a few. These conditions severely impair my mobility and ability to travel long distances without significant pain and discomfort.

Moreover, I rely on a medical support network in Hawaii consisting of professionals familiar with my condition who provide ongoing treatment essential for managing my disabilities. Traveling would not only disrupt this care but could also pose significant health risks given complications associated with long flights and potential interruptions in medication schedules. One factor considered by courts on a motion to transfer venue is the convenience to the parties in the suit.
*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC, 620 B.R. 456, 467 (S.D.N.Y. 2020)*.

I have substantial physical and mental health issues that prevent me from normal activities, including walking, sitting, standing, bending, kneeling, etc. I have multiple thoracic spinal fractures, severe kyphosis, a neurological nerve disorder affecting mobility, and require professional healthcare which I routinely access each month. As deemed by the Social Security Administration, I am fully disabled, on Medicare, Medicaid, and Social Security Disability Insurance (SSDI). My insurance provides in-home assistance to help with my daily routine. I do not drive and rely on others for transportation. There are also matters of psychotherapy, psychiatry, medicine, and controlled medications with [high] dependency risks. Travel not only could, but will jeopardize access to medications and continuity of care.

## II. The Defendant is Indigent

As an indigent individual, I am unable to afford travel expenses associated with attending court proceedings across the country—let alone secure adequate legal representation without assistance. An additional factor to be considered in evaluating a motion to transfer is the relative means of the parties. *Zohar CDO 2003-1, Ltd. V. Patriarch Partners, LLC, 620 B.R. 456, 467 (S.D.N.Y. 2020)*

### Expenses as of January 2024

Total Income: $2,882
Mortgage/Rent: $750
Food: $300
Telephone/Cell Phone/Cable/Internet/Other: $400
Medical Expenses Not Covered by Insurance: $200
Clothes, Personal Hygiene, etc..: $100
Childcare / Child Support: $500
Credit Card Payment: $350
Total Expenses: $2,900

## III. Justice Cannot Be Served If Forced to Litigate Outside Hawaii Due to Existing Restrictions

Compelling me to participate in litigation outside Hawaii imposes undue hardship given court orders restricting my movement outside local jurisdiction related to legal matters and/or medical advisories based on aforementioned health conditions. While evaluating motions to transfer, courts consider whether the transfer serves the interest of justice based on the totality of the circumstances.
*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC, 620 B.R. 456, 467 (S.D.N.Y. 2020)*.

Moreover, representing myself pro se from such distance severely limits access to necessary legal resources or timely advice, challenges that would be mitigated were proceedings conducted within Hawaii where local support systems are available.

Transferring venue in this case not only considers practical issues, but embodies fundamental tenets of justice by recognizing disproportionate burdens placed on individuals related to health or economic disadvantages.

Alongside this motion to transfer under forum non conveniens per 28 U.S.C §1404(a), I respectfully request consideration for appointment of pro bono counsel equipped to handle complex securities litigation in an accessible jurisdiction, ensuring a fair opportunity to defend against the SEC's allegations.

## IV. Legal Accommodations for Those with Disabilities

Moreover, indigent and disabled individuals may request appointment of counsel to ensure effective access to judicial proceedings. While dealing with different factual contexts, courts have articulated principles suggesting counsel is vital where disability impedes self-representation. For example, in Vidal v. Harris, 537 F. Supp. 23 (S.D.N.Y. 1981), the court found severely impaired disability benefits claimants cannot be expected to represent themselves adequately. Similarly, the Social Security Act contemplates appointing counsel when disability benefits are denied to ensure proceedings developing the record are fair. 42 U.S.C. § 406. The reasoning behind such provisions, ensuring access to justice for the disabled, applies here.

As such, in conjunction with this motion to transfer venue, I respectfully request appointment of pro bono legal counsel to assist in securities litigation given health conditions severely limiting my ability to represent myself pro se from Hawaii in New York proceedings.

Sincerely,
Jeremy Koski

PRIORITY MAIL
LEGAL FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

KAPAAU, HI 96755
FEB 20, 2024
$14.55
R2305E124643-06

RDC 03

FROM:
Jeremy Koski
PO Box 1424
Kapaau, HI 96755

TO:
Honorable Judge Vyskocil
US District SDNY
500 Pearl St Rm # 2220
New York, New York 10007



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14L © U.S. Postal Service; May 2020; All rights reserved.

