IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>   vs.<br><br>JEREMY KOSKI,<br><br>                Defendant. | CIV NO. 24-00105 MWJS-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES**

On February 28, 2024, Defendant Jeremy Koski ("Defendant"), proceeding pro se, filed an *Application to Proceed Without Prepaying Fees or Costs* ("IFP Application"). ECF No. 25. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules"). After careful consideration of the *IFP Application*, the Court finds that Defendant has not sufficiently demonstrated entitlement to proceed *in forma pauperis* and **RECOMMENDS** that the district court **DENY** the *IFP Application*.

## **DISCUSSION**

Defendant requests that the Court permit him to proceed *in forma pauperis* ("IFP") based on Defendant's financial status.  A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees.  28 U.S.C. § 1915(a)(1); *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").

When determining whether IFP status is appropriate, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines.  *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Apr. 2, 2024).  This threshold is based on the number of persons in the applicant's family or household.  In the *IFP Application*, Defendant stated that he does not have any dependents who rely on him for support.  The poverty guideline for a household consisting of one person is an annual income of $17,310.  Defendant states that his monthly income is $2,882 (annual income of $2,882 x 12 = $34,584).  Defendant's annual income is thus $34,584, which clearly exceeds the poverty guideline by $17,274.

Defendant indicates that his monthly expenses are $2,600, which leaves him with $282 of disposable income per month.[1]  Although a litigant "need not be absolutely destitute[,] . . . [the litigant] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted).  In this case, the Court does not find that the Defendant has sufficiently alleged poverty such that he should be permitted to proceed IFP.  Some of Defendant's expenses, such as credit card payments, duplicative telephone bills (telephone and cellular expenses) and cable expenses are not necessarily considered necessities of life, but these self-imposed costs do increase Defendant's monthly expenses.  The Court does not find that these self-imposed costs affect Defendant's ability to pay any court costs.  Moreover, the Defendant does not face the expense of paying the initial filing fee that a plaintiff would normally pay when initiating a case.  Based on these reasons, the Court finds that Defendant is able to pay any future court costs and has not sufficiently alleged poverty.

---

[1] In the *IFP Application*, Defendant itemizes his monthly expenses and indicates that his total monthly expenses are $2,900.  ECF No. 25 at PageID.83.  However, Defendant's itemized list does not add up to $2,900.  The correct amount of Defendant's monthly expenses, based on Defendant's itemized list, is $2,600.

## **CONCLUSION**

Based on the foregoing, the Court **FINDS** that Defendant is able to pay court costs and **RECOMMENDS** that the district court **DENY** the *IFP Application*.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 2, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-105 MWJS-RT; *Securities and Exchange Commission v. Jeremy Koski*; Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepaying Fees