Case 1:24-cv-00105-MWJS-RT   Document 39   Filed 04/18/24   Page 1 of 2  PageID.26

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
18 April 2024 4:14 PM
Lucy H. Carrillo, Clerk of Court

cc: MWJS/Filer (by email)

Case: 24-00105 MWJS-RT

Re: Securities and Exchange Commission v. Jeremy Koski, Civil No. 24-00105 MWJS-RT

I am writing to further support my Application for the Court to Request Pro Bono Counsel (ECF No. 24) in response to the additional information requested by the Court's April 4, 2024 Order (ECF No. 38). I respectfully reiterate my request for appointment of pro bono counsel as a reasonable accommodation under the Americans with Disabilities Act (ADA), given my significant mental and physical disabilities and financial indigent status.

Despite extensive efforts, including contacting numerous law firms such as Sharron Rancourt at Federal Public Defender in Honolulu, Matthew Nelson-Teutsch at NYLAG, Lisa Braganca at Bragança Law LLC, Bervar & Jones (Oahu) and several attorneys at Oberheiden Law, I have been unable to secure representation. I generally inquired about pro bono, as I could not afford the proposed retainer fee, under any circumstances. Bervar & Jones quoted me at $20,000 for a retainer, but declined pro bono. While I did reach out to additional firms in New York (mostly SDNY) the Court's original application form did not require me to maintain detailed records of every contact. Attempting to retroactively compile a comprehensive list would be extremely burdensome, as it would necessitate obtaining cell phone records from multiple plans I used while at Faith House in Honolulu to maintain internet access. Given my disabilities, this task would be highly stressful and onerous. Also, during this time, I was under House Arrest, or similar, and generally could not leave the premise unless it was authorized by a federal officer. I also had 2 additional roommates, and with the addition of approximately 40 other household members, I needed to be respectful and quiet during after hour times. Some of these members at Faith House held jobs, had appointments, or otherwise. Making phone calls and speaking for hours at 3am would not be appropriate. There is also a privacy issue. A residency at Faith House, any information that is overhead spreads like wild fire.

In addition to the above, these efforts to find counsel were also hindered by my severe medical conditions which include bipolar I disorder, chronic back pain leading to surgeries an on-going surgeries (including the month of April 2024), neuropathy, carpal tunnel syndrome, cubital tunnel syndrome, ulnar nerve compression, mononeuritis multiplex, ADHD, anxiety, PTSD, insomnia, GERD, Barrett's esophagus stage 2, type 2 diabetes, and hypertension. Medical records supporting this information is primary located in Hawaii at facilities such as The Queen's Medical Center, Straub Medical Center, and various treating providers (including Drs. Hashimoto (Queens), Dr Romero (Westshore Neurology), Dr Craig S Boddy (Straub, Oahu), Dr Frank Singer (Straub Oahu) Dr Farnsworth (Waimea, Big Island) are supportive and document these conditions and their impact on my daily and routine functioning. This is not an exhaustive or complete list.

The complexity of this SEC enforcement action coupled with extensive discovery processes exacerbates these challenges. I have diagnosed cognitive impairments and psychiatric conditions that significantly reduce my capacity for focus and organization while physical limitations restrict my ability to manage necessary communications across time zones from Hawaii as well as managing day to day tasks and routines. The 5-6 hour time difference imposed an insurmountable obstacle prior to transfer, as making phone calls at 3:00 AM Hawaii time and then functioning normally is not possible while managing my conditions. Sleep disruption destabilizes my mental health. When residing in a halfway house with 45 offenders, private legal calls were very difficult. Frequent drug tests, medical appointments, therapy, and court appearances further limit my availability. I also take medications in the evening, such as benzodiazepines, and then having to wake up around 3AM, while at Faith House, where I had other obligations, some were court ordered, or required under pre-trial services, further complicated matters. I generally can't knock myself out with a sedative, wake up a few hours later to make calls, and then try to function normally the rest of the day. This was beyond my capability, but I did attempt to do so in good faith and did the best I could. There are certainly other factors, and other medications I take that contribute to this.]

Legal precedent strongly supports the appointment of counsel in circumstances similar to mine where litigants face insurmountable barriers due to disabilities. In Bradshaw v. Zoological Soc'y of San Diego, 662 F.3d 1308 (9th Cir. 2011), the court recognized that severe physical and mental impairments could justify appointing counsel under exceptional circumstances as outlined in Palmer v. Valdez, 560 F.3d 965 (9th Cir. 2009).

Furthermore, denying me legal representation would not only impede my access but also potentially lead to unjust outcomes contrary to principles established in Goldberg v Kelly, where procedural fairness was deemed essential for justice.
Given these factors — documented indigence; substantial disability impacting major life activities; complex legal issues beyond typical pro se capabilities; significant procedural disadvantages — there exists an undeniable need for appointed counsel under both ADA provisions and federal statutes like Section 504 of Rehabilitation Act (29 U.S.C §794).

I urge the Court not only on grounds of equity in all states regarding access to the law, but also on mandatory compliance with statutory obligations to grant this application, thereby ensuring fair trial rights are preserved without discrimination against disability. The exceptional circumstances present here warrant appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1). Requiring me to proceed pro se given my well-documented limitations would deny meaningful access to the courts.

**Jeremy Koski**

Digitally signed by Jeremy Koski
Date: 2024.04.18 15:32:37
-10'00'