**Letter**

**MJ 23-600 KJM-1**
**CV 24-105 MWJS-RT**

9/23/2024

Jeremy Koski
PO BOX 1424
Kapaau, HI 96755
Tel: 808-203-0682
PACER email: jsk1978@gmail.com

To:
Chief Judge Or Court Clerk
United States District Court for the District of Hawaii
300 Ala Moana Blvd C-338
Honolulu, HI 96850

## Request for PACER Fee Exemption and Waiver of Outstanding Charges
### Cases: 1:2023cv07779, 1:2024cv00105, 1:2023mj00600

Honorable Chief Judge / Court Clerk,

I, Jeremy Koski, am requesting a fee exemption for PACER access and a waiver of all outstanding charges related to my cases. I am the defendant and/or pro se litigant in the above-mentioned cases. My PACER account is currently suspended due to outstanding fees, severely impacting my ability to comply with court orders and participate in my defense.

After contacting PACER, I was informed that this request must be submitted to the court (Chief Judge or Court Clerk). My grounds for this request are as follows:

1. Court Order to Monitor: The presiding judge, Judge Rom Trader, has ordered me to monitor my cases via PACER, making access essential for compliance with court orders.

2. Constitutional Right to Access Court Records: As a defendant, I assert my constitutional right to access my own case documents. This right is fundamental to due process and is supported by the First Amendment right of access to court proceedings and documents (Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980)). The Supreme Court has recognized that the right of access to court documents is essential for the public to participate in and serve as a check upon the judicial process (Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)). As a party to the case, my need for access is even more pressing and directly impacts my ability to participate in my own defense.

3. Americans with Disabilities Act (ADA) Entitlements: As a disabled individual covered under the ADA, I require accommodations to effectively participate in my legal proceedings, which includes accessing court documents. The ADA mandates that public entities, including courts, provide reasonable accommodations to ensure equal access to their services (42 U.S.C. § 12132).

4. Financial Hardship: I am currently indigent and unable to afford the PACER fees, which have exceeded the standard $30 quarterly waiver. This situation implicates the principle of equal access to justice, as articulated in Boddie v. Connecticut, 401 U.S. 371 (1971), where the Supreme Court held that court fees should not prevent individuals from pursuing justice due to their economic circumstances. I was not aware of the $30 quarterly waiver, for PACER informed me after contacting, so I will in the future keep this in mind.

   My sole income is approximately $2,380 net per month from Social Security Administration (Social Security Disability Income). This limited income creates significant hardship, particularly given the high cost of living in Hawaii. I do not qualify for subsidies such as EBT (Food Stamps) or General Assistance Cash. I've recently had to purchase a medical plan, substantially increasing my monthly expenses. I often need to travel from Big Island to Oahu for medical needs, legal proceedings at the Federal Building, and also other legally associated matters (such as meeting with attorneys), further straining my finances. Additionally, I face high medication costs, with one medication costing over $1,200, which I can no longer afford since my insurance either will not cover or is non-formulary. However, I have a dozen other medications, and these co-pays at times put me in the unfortunate situation of decided what I can and cannot pay for.

   The Supreme Court has held that access to the courts is a fundamental right, and that financial barriers to such access may violate due process and equal protection (Griffin v. Illinois, 351 U.S. 12 (1956)). In light of my financial situation and the necessity of accessing court documents, I believe waiving both past and outstanding PACER fees is consistent with these constitutional principles.

Given these circumstances, I respectfully request:

1. An exemption from PACER fees for accessing documents related to my cases (:2023cv07779, 1:2024cv00105, 1:2023mj00600).

2. A retroactive waiver of all outstanding PACER charges related to my cases, backdated to the start dates of my cases.

3. Reinstatement of my PACER account to allow me to comply with court orders and effectively participate in my legal proceedings. This should self-resolve with the waivers, outstanding and prior fees.

This request is consistent with 28 U.S.C. § 1915, which allows courts to authorize commencement and prosecution of suits without prepayment of fees for persons unable to pay such fees. It also aligns with the spirit of equal access to justice, the accommodation requirements under the ADA, and the fundamental constitutional principles of due process and access to court records.

Thank you for your attention to this matter.

Sincerely,

Jeremy Koski
PO BOX 1424
Kapaau, HI 96755
Tel: 808-203-0682
Email: jsk1978@gmail.com (pacer email account)

Jeremy Koski
Digitally signed by Jeremy Koski
Date: 2024.09.23 09:08:14 -10'00'



# FAX

**TO:**

Fax Number: Multiple Recipients        # of Pages: 4
(including cover sheet)

**FROM:**

Name: Church Friends

Fax Number: (808) 650-7531

| Subject: |
|---|

| Message: |
|---|
|   |

Sent with HumbleFax.com